OPINION OF THE COURT
Patrick J. McGrath, J.
The above named defendant stands charged with the crimes of stalking in the second degree, criminal contempt in the first degree, criminal contempt in the second degree (eight counts), in violation of sections 120.55 (2), 215.51 (b) (iii) and 215.50 (3) *711 of the Penal Law. The defendant filed an omnibus motion on February 1, 2002, and the People filed an affirmation in opposition thereto on February 21, 2002.
Defendant has moved to dismiss the indictment based upon legal insufficiency of the evidence before the grand jury. The charges in the indictment are based upon the defendant sending five separate letters to the victim, Michelle Moon, between April 13, 2001 and October 30, 2001. There were two separate court orders of protection forbidding any contact. Specifically, defendant claims there was no evidence showing his intent to harass, annoy or alarm Michelle Moon and insufficient evidence of any course of conduct by the defendant likely to cause Michelle Moon to reasonably fear physical injury or serious physical injury, the commission of a sex offense against, or the kidnapping, unlawful imprisonment or death of herself. In support of his argument the defendant stresses the fact that he was incarcerated at Albany County Jail on the dates the letters were sent. Therefore, the defendant argues, it was not reasonable for Michelle Moon to reasonably fear any of the aforementioned consequences set forth in the statute. Defendant also argues that any fear must go to an imminent or reasonably imminent act and since the defendant was incarcerated any fear of Michelle Moon was not within the scope of the statute. The defendant further argues that the court should apply the reasonableness standard set forth in the justification defense of article 35 of the Penal Law in relation to any fear of the victim. Reasonably believes as contained in article 35 of the Penal Law involves both a subjective and objective test (see, People v Goetz, 68 NY2d 96).
In the affirmation in opposition, the People argue that sufficient proof was presented before the grand jury to show the intent of the defendant and that Michelle Moon was reasonable in fearing physical injury, or serious physical injury, the commission of a sex offense against, or the kidnapping, unlawful imprisonment or death of herself. The People do not address defendant’s argument that the reasonableness standard of article 35 of the Penal Law should be applied to the victim’s fears. Also, the People do not address defendant’s argument that the fear must be imminent in order to come within the scope of the statute.
The defendant’s argument that the court should adopt the reasonableness standard of article 35 of the Penal Law in relation to the victim’s fears is without merit. Whether the complainant in a criminal stalking case was actually in fear of *712 physical harm is not the issue, the stalking statute requires only that the defendant intentionally engaged in a course of conduct likely to cause such fear in the person to whom it is directed (People v Starkes, 185 Misc 2d 186; 35 NY Jur 2d, Criminal Law § 3706.5, “Stalking” [2001 Cum Supp at 73]). In enacting Penal Law § 120.50 the Legislature declared that, “[s]talkers who repeatedly follow, phone, write, confront, threaten or otherwise unacceptably intrude upon their victims, often inflict immeasurable emotional and physical harm upon them * * * our laws must be strengthened to provide clear recognition of the dangerousness of stalking.” (People v Starkes, supra at 190, quoting L 1999, ch 635, § 2, reprinted following Penal Law § 120.50; internal quotation marks omitted.) Therefore, it is the reasonable belief of the actor and not the victim that is relevant when considering the stalking statute.
Turning to the issue of whether or not a reasonable fear must be of an imminent act, the court has found no reported cases concerning the issue. However, the legislative intent of the statute is relevant. “The unfortunate reality is that stalking victims have been intolerably forced to live in fear of their stalkers * * * [T]his act will protect victims by providing real and effective sanctions for stalking conduct even at its earliest stages” (L 1999, ch 635, § 2). The fact that the actor may not be able to immediately carry out the physical act does not preclude the victim from having a fear that the physical act will occur. Pear by definition has a component of anticipated or expected harm. Therefore, the fact that the actor may not have been physically capable of immediately carrying out the physical act does not preclude a charge of stalking since the anticipation of injury creates a current and measurable fear in the victim.
Therefore, the court finds that the evidence presented before the grand jury was legally sufficient and would deny defendant’s motion to dismiss the indictment.